IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR166** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **CHANDRA WRIGHTSELL,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objections thereto (Filing No. 37), and the Defendant's motion for downward departure and supporting materials (Filing Nos. 38, 39, 40).  *See* Order on Sentencing Schedule, ¶ 6.  The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 18 (base offense level) and 22 (abuse of position of trust).  The objections are discussed below.

*¶ 18 - Base Offense Level*

The Defendant objects to the application of U.S.S.G. § 2B1.1(a)(1), resulting in the application of base offense level 7.  Section 2B1.1(a)(1) applies base level 7 if "the defendant was *convicted* of an offense referenced to this guideline."  The Defendant argues that "conviction" is defined in 18 U.S.C. § 4251(e) as a final, appealable judgment rather than the instant crime of conviction.  The Defendant's argument is that it follows, therefore, that U.S.S.G. § 2B1.1(a)(2) must apply, resulting in the application of base offense level 6.

The Defendant's argument is without merit. The word "convicted" is used in the guidelines to refer to the setting of a base offense level with respect to the instant offense of conviction. U.S.S.G. § 1B1.2 & commentary (determining the offense guideline); U.S.S.G. § 2D1.1(a)(1), (2) & (3) (using the language "if the defendant is convicted" in determining a base offense level). The Court notes that the statute cited by the Defendant, 18 U.S.C. § 4251(e), is found within a chapter relating solely to offenders with mental disease or defect and, more importantly, was repealed in 1984. This objection is denied.

### *¶ 22 - Role; Abuse of Trust*

The objection will be heard at sentencing. The government bears the burden of proof by a preponderance of the evidence.

### *Motion for Downward Departure*

The Defendant's motion for downward departure will be heard at sentencing.

IT IS ORDERED:

1. The Defendant's Objection to ¶ 18 of the Presentence Investigation Report (Filing No. 37) is denied;

2. The Defendant's Objection to ¶ 22 of the Presentence Investigation Report (Filing No. 37) will be heard at sentencing;

3. The Defendant's motion for downward departure (Filing No. 38) will be heard at sentencing.

4. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

5.	If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

6.	Absent submission of the information required by paragraph 5 of this Order, my tentative findings may become final; and

7.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 1st day of February, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge